```
                  IN THE UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


IN RE: NOTICE OF REMOVAL        :
FILED BY WILLIAM EINHORN,       :   HONORABLE JOSEPH E. IRENAS
ADMINISTRATOR OF THE            :
TEAMSTERS HEALTH AND WELFARE    :   Civil Action No. 07-1003 (JEI)
FUND OF PHILADELPHIA &          :
VICINITY                        :            OPINION

-------------------------------
                                :
JOHN SHEPPARD,                  :
                                :
        Plaintiff,              :
                                :
    v.                          :
                                :
DIANE SHEPPARD,                 :
                                :
        Defendant.              :
```

**APPEARANCES:**

RUSSELL AND RUSSELL
By:  Brock D. Russell, Esq.
706 N. High Street
P.O. Box 290
Millville, NJ 08332
        Counsel for Plaintiff

STEVENS & LEE
By:  Jo Bennett, Esq.
1818 Market Street, 29th Floor
Philadelphia, PA 19103
    Counsel for William T. Einhorn, Administrator of the
    Teamsters Health and Welfare Fund of Philadelphia & Vicinity


**IRENAS**, Senior District Judge:

Presently before the Court is the Notice of Removal filed by William T. Einhorn, Administrator of the Teamsters Health and Welfare Fund of Philadelphia & Vicinity ("the Fund"). Because

the Notice indicates that the Fund, a non-party, seeks to remove this New Jersey State divorce action between John and Diane Sheppard, this Court, *sua sponte*, issued an Order to Show Cause why the case should not be remanded for lack of jurisdiction.[1] After considering the Fund's brief in opposition to remand, and having heard oral argument, the Court concludes that the case must be remanded for lack of jurisdiction.

**I.**

On October 27, 2006, John Sheppard filed in New Jersey Superior Court, Chancery Division, Family Part (the "state court"), a complaint for divorce against his wife, Diane Sheppard. On February 23, 2007, the state court issued an order directing Mr. Sheppard's health insurance carrier, the Fund, to insure Mrs. Sheppard.[2] The order states:

> This Court Order shall be served upon Plaintiff's health insurance carrier, Teamsters Health and Welfare Fund. The health insurance carrier is directed to insure the dependent spouse, Diane Sheppard, immediately. If the coverage for any party has been terminated, it shall be reinstated immediately, or in the alternative, Teamsters Health and Welfare Fund must submit an Order to

---

[1] The Court has an obligation to raise, *sua sponte*, the issue of its subject matter jurisdiction. *U.S. Express Lines, LTD. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). Fed. R. Civ. P. 12(h)(3) provides, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[2] From the papers included with the Fund's notice of removal, it appears that the Fund terminated Mrs. Sheppard's health insurance coverage, but nothing in the papers indicates when the coverage was terminated.

2

>Show Cause to the Court as to why the above should
>not be complied with.

(Exhibit A to Notice of Removal, p. 8, ¶ 14)

One week after the order was issued, the Fund filed the present Notice of Removal, purporting to be an "additional defendant" to the divorce case. The Fund asserts that subject matter jurisdiction is founded upon ERISA, 29 U.S.C. § 1132(a)(1)(B).[3]

Shortly after the Notice of Removal was filed, the Fund moved to dismiss the case, or alternatively, sought summary judgment, asserting that the Sheppards failed to exhaust their administrative remedies and that ERISA does not require the Fund to provide Mrs. Sheppard health insurance after her separation from Mr. Sheppard. That motion is currently pending. No opposition has been submitted. To date, no attorney has entered an appearance on behalf of Mrs. Sheppard in this case.[4]

---

[3] Section 1132 provides for concurrent jurisdiction in state courts: "State courts of competent jurisdiction shall have concurrent jurisdiction of actions under . . . subsection (a) of this section." 29 U.S.C. § 1132(e).

[4] Mrs. Sheppard's attorney in the state action was served with the Notice of Removal and the Motion to Dismiss / Motion for Summary Judgment.
Also, Mrs. Sheppard, the defendant, has not joined in the present Notice of Removal. Generally, all defendants must join in the notice of removal. Failure of a defendant to join in the notice of removal, however, is a procedural defect that can be waived by the non-consenting defendant if not objected to within 30 days of the Notice of Removal. 28 U.S.C. § 1447(c); *Balazik v. County of Dauphin*, 44 F.3d 209 (3d Cir. 1995). In any event, this issue is moot because, as explained *infra,* the Fund is not a party to the suit and has no power to remove the case.

3

**II.**

A.

The issue is whether this Court has jurisdiction pursuant to 28 U.S.C. § 1441, the removal statute. The Fund has the burden of demonstrating that removal jurisdiction is proper. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The question is one of statutory interpretation. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 103 (1941) (affirming the Fifth Circuit's decision that "the plaintiff in the state court was not a 'defendant' within the meaning of section 28 of the Judicial Code, and so was not entitled to remove the cause under that section"). The removal statute must be strictly construed against removal. *Id.* at 108.

Section 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added). The plain language of the statute clearly limits the right of removal to "defendants." In this case, the Fund is not even a party to the state action. To interpret "defendant" to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by "defendants" to claims asserted by a

plaintiff.

The most analogous case to this case is *American Home Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296 (S.D.N.Y. 1999). American Home sought a declaration in New York State Court regarding a clause in an insurance contract with Defendant RJR Nabisco (the parent) involving a claim for losses sustained at Nabisco, Inc.'s (the subsidiary's) warehouse. Nabisco, Inc., a non-party to the state court action, filed a notice of removal, based on diversity of citizenship, asserting that it was "the real party in interest." *Id.* at 297-98. Granting American Home's Motion to Remand, the court held, "a non-party-- even one that, like Nabisco, claims to be a real party in interest-- has no authority to notice removal under [28 U.S.C. §§ 1441 and 1446(a)] which speak only of removal 'by the defendant or defendants.'" *Id.* at 298-99.

The Fund cites *Ward v. Congress Construction Co.*, 99 F. 598 (7th Cir. 1900), in support of its argument that removal is proper. In that case, the Seventh Circuit affirmed the removal of a state court action by Congress Construction, a non-party. The state court action involved a land dispute between the City of Chicago and A. Montgomery Ward Company. In connection with that suit, the state court issued an order enjoining Congress Construction from engaging in construction work on the land. Congress Construction sought to remove the case on the basis of

federal question jurisdiction, claiming that it was performing construction work pursuant to a contract with the United States government. The court reasoned that removal was proper because the injunction against Congress Construction was effectively a "supplemental bill" which brought in an "omitted party." *Ward*, 99 F. at 601-02.

*Ward* is distinguishable on two grounds. First, the Seventh Circuit assumed that the "omitted party" was an omitted *defendant*. *See Ward*, 99 F. at 602 ("In its essence, the proceeding was a new suit or new application for an injunction *against* a new party.")(emphasis added). Indeed, the injunction was issued to enforce the decree entered by the state court preventing the actual defendants to the action from conducting certain construction work on the property. Thus the court treated Congress Construction as if it was a necessary defendant to the action and therefore had a right of removal.

Here, however, even if this Court were to treat the Fund as a party to the divorce case by virtue of the state court's order, the Fund could not be treated as a defendant. The Fund's interest appears to be adverse to Mrs. Sheppard's interest insofar as the Fund asserts that it is not obliged to provide Mrs. Sheppard health insurance.[5]

---

[5] As noted *supra* at n.4, the Court does not know Mrs. Sheppard's position on the issue.

Additionally, it is possible that Mr. Sheppard, the plaintiff, wants the Fund to pay for Mrs. Sheppard's health insurance, or at least has no opinion on the matter.[6]  Indeed, the Fund's entire Motion for Dismissal / Summary Judgment assumes that its interests are adverse to both Mr. and Mrs. Sheppard on this issue.  (See Motion at p. 2 n.1, noting that it is unclear whether one or both of the Sheppards moved for an order directing the Fund to insure Mrs. Sheppard.)

Second, *Ward* is distinguishable on the separate ground that it interprets the 1900 version of the removal statute corresponding to the current-day 28 U.S.C. § 1442 (suits against the United States, federal officers or agencies), not § 1441, which is applicable here.[7]  More importantly, the reasoning of the opinion is questionable because it took the approach that the statutory provision for the removal of cases "should be liberally construed."  *Ward*, 99 F. at 604.  As already noted, the Supreme Court has since made clear that the removal statute should be strictly construed against removal.  *Shamrock Oil*, 313 U.S. at 108.

---

[6] Mr. Sheppard has taken no position with respect to the removal of this case and the Court is not aware of his position in the state court proceeding.

[7] At least one subsequent published opinion calls into question the continuing validity of *Ward's* holding with respect to § 1442.  *See Adams v. Adminastar Defense Services, Inc.*, 901 F. Supp. 78 (D.Conn. 1995)(remanding case removed by the Department of Defense because the Department was not a party to the state court case much less a defendant).

Accordingly, this Court finds *Ward* unpersuasive in light of the plain language of the statute, *Shamrock Oil,* and *American Home Assurance Company.*

B.

Interests of federalism and preservation of judicial resources also favor remand. In *Shamrock Oil*, the Supreme Court emphasized the importance of "due regard for the rightful independence of state governments." 313 U.S. at 108. In this case, the state's interest in this matrimonial action–- an area of law traditionally reserved to the states-- predominates over the federal question presented by the ERISA issue. Accordingly, interests of federalism are served by remand.

Also, the more efficient disposition is remand. The state court may decide the ERISA issue while simultaneously addressing the other issues raised in the divorce action. *See supra,* n.3. On the other hand, the Fund asks this Court to retain jurisdiction over the ERISA issue only, and remand the rest of the case to state court, which would result in piecemeal litigation. Moreover, this Court might be required to address the separate issues of abstention or a stay pending resolution of the divorce action before ever reaching the merits of the case-- issues the state court would not address.

**III.**

For the reasons stated above, this Court lacks jurisdiction over the present case.  The case will be remanded to New Jersey Superior Court, Chancery Division, Family Part.  The pending Motion for Dismissal / Summary Judgment will be dismissed as moot.

Dated: April 3, 2007

                                                        s/ Joseph E. Irenas
                                                       Joseph E. Irenas, S.U.S.D.J.